Morriss
vs
Wills

---

## COURT OF APPEALS, JUNE TERM, 1820.

### MORRISS vs. WILLS.

A, is indebted on a promissory note which he is unable to pay; B :- C being equal ly indebted to A, agree to take up A's note, by giving their own, and that each of them should pay one half of the note so given when it be-came due. Under this agreement, B. draws a note in favour of C, who endorses it, and with this note A's is taken up. If, when it becomes due, B, the mak-er, pays the whole amount of it, he may recover one half from C in an action of general indebitatus as-sumpsit, it not be-ing necessary to declare on the special agreement between them

APPEAL from *Charles* county court. This was an action of *assumpsit*. The declaration contained two counts, one for money paid, laid out and expended, by the plaintiff be-low, (the appellee,) for the defendant, (the appellant,) and the other for money lent and advanced. The facts are fully stated in the court's opinion. The court below, [*Johnson*, Ch. J.] instructed the jury, that the plaintiff was entitled to recover. The defendant excepted; and the verdict and judgment being against him, he prosecuted this appeal.

The cause was argued before BUCHANAN, EARLE, and DORSEY, J.

*Magruder* and *Chapman*, for the appellant, cited 1 *Esp. Dig.* 249.

*Winder* and *Stone*, for the appellee, cited *Exall vs. Partridge*, 8 *T. R.* 310. 1 *Selwyn's N. P.* 65. *Tousaint vs. Martinnant*, 2 *T. R.* 104; and *Morgan vs. Reintzell*, 7 *Cranch*, 273.

EARLE, J. delivered the opinion of the court. *John B.*
*Wills* and *William Morriss;* the plaintiff and defendant in
this cause in the court below, were indorsers of a promis-
sory note of $1000, in *The Farmers Bank of Maryland*,
drawn by *John B. Turner*, who became unable to take it up.
Being, by a prior understanding between them, equally lia-
ble for *Turner*, they determined to retire this note by giv-
ing their own; and according to this resolution their nego-
tiation with the bank took place on the 6th of November,
1816.   On that day *Wills* signed a note of $1000 to *Mor-
riss*, or older, for value received, payable sixty days after
date, and negotiable at *The Farmers Bank of Maryland*,
which note *Morriss* endorsed to the bank.   This arrange-
ment had the express assent of the parties; and they fur-
ther agreed, that notwithstanding the form of it, each
should be equally responsible, and when the money became
due each should pay one half of it to the bank.   The note
was protested for nonpayment, and *Wills* paid the whole
of it to the bank, principal, interest, and cost of protest.
This action is brought to recover back one half the money
thus paid; and the question is, can *indebitatus assumpsit*
for money paid be maintained for it, without a special
count setting forth the particular circumstances of the
transaction?

This is not the case mentioned in the argument of a spe-
cial contract between two persons, where the terms of the
agreement had been performed on the plaintiff's part, and
a recovery consequently had on the common *indebitatus*
count only.   *Wills* performed his part of the agreement
when he paid a moiety of the debt to the bank, and for this
he can claim no remuneration.   But when he paid the other
moiety also, he did what *Morriss* was bound, by the under-
standing between them, to perform, and thence his demand
against him.   It is the case then of two persons making
themselves severally liable for a debt, on a common consi-
deration, to a third person, where one has been compelled
to pay the whole.   He may support *indebitatus assumpsit*
for one half the debt paid, and need not prove the defen-
dant's request to pay, although he is bound to state it in his
pleadings.   A request is implied, and necessarily arises
out of the circumstances of the transaction, where one is
obliged to discharge a portion of a debt another is bound
to pay.

In the opinion of the court, a count on a special agree-
ment was not necesssry in this case.

JUDGMENT AFFIRMED.